IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEE HOLLINGSWORTH, *et al.*                                                                    PLAINTIFFS

V.                                                           CIVIL ACTION NO. 2:15-CV-113-KS-MTP

HERCULES, INC..                                                                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiffs' Motion to Exclude [65] testimony of Dr. David Garabrant and **denies** Plaintiffs' Motion to Exclude [67] testimony of Dr. Glenn Millner.

I. BACKGROUND

This is a toxic tort case. Plaintiffs own property in Hattiesburg, Mississippi, near the site of a chemical plant that Defendant operated from 1923 until approximately 2009.[1] Plaintiffs allege that Defendant improperly disposed of numerous hazardous waste products, contaminating the soil and groundwater beneath its facility. Plaintiffs contend that these hazardous waste products migrated through several environmental pathways and contaminated the soil, air, and groundwater of their properties. Plaintiffs allege that they have suffered property damage, loss of income, and emotional distress. They specifically asserted counts of negligence, gross negligence, nuisance, and trespass.

The parties filed numerous dispositive and evidentiary motions. The Court granted in part and

---

[1] This is one of several toxic tort suits against Defendant in this Court. *See, e.g.* Complaint, *Blackard v. Hercules, Inc.*, No. 2:12-CV-175-KS-MTP (S.D. Miss. Oct. 2, 2012), ECF No. 1; Complaint, *Abner v. Hercules, Inc.*, No. 2:14-CV-63-KS-MTP (S.D. Miss. May 9, 2014), ECF No. 3.

denied in part [110] Defendant's Motion for Partial Summary Judgment [72] and denied Plaintiffs' Motion for Partial Summary Judgment [69]. The Court now addresses Plaintiffs' Motions to Exclude [65, 67] certain testimony by Defendant's expert witnesses.

## II. MOTION TO EXCLUDE TESTIMONY OF DR. DAVID GARABRANT [65]

Plaintiffs argue that the Court should exclude any testimony from Defendant's expert, Dr. David Garabrant, regarding the risk of illness from exposure to contaminants at various concentrations. Plaintiffs contend that such testimony is irrelevant to the issues to be decided by the jury insofar as they have not asserted a personal injury claim.

Plaintiffs did not assert a personal injury claim, and the Court granted summary judgment [110] as to any claim for emotional damages caused by fear of future health problems. However, the health risk posed by the alleged contaminants is relevant to the value of the properties at issue and, therefore, Plaintiffs' damages.

Plaintiff Lee Hollingsworth testified that contaminants on the properties are "a concern and a worry" about which Plaintiffs will "feel obligated to tell" renters. Exhibit 2 to Motion for Partial Summary Judgment at 4, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 72-2. He stated: "I know if I was renting a house and somebody told me that there was a harmful chemical in the attic, I'd be kind of skeptical about renting." *Id.* Likewise, Plaintiff Scott Hollingsworth testified that any contamination "could actually have a – a huge impact on ongoing rentals." Exhibit 3 to Motion for Partial Summary Judgment at 3, *Hollingsworth v. Hercules, Inc.*, No.

2

2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 72-3. Scott Hollingsworth also stated in his responses to Defendant's interrogatories 1) that Plaintiffs "have lost a total of $2,725 in rental income," 2) that the "amount will continue to accrue until such a time as the contamination is removed from the propert[ies]," 3) that the "rental value at 138 W. 8th Street has currently decreased by $125 per month," and 4) that at least one renter has moved out because of the alleged contamination on the property. Exhibit 4 to Motion for Partial Summary Judgment at 6-7, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-11-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 72-4.

Finally, Plaintiffs' expert, Joe Parker, stated in his appraisals of the properties that "as local residents become aware of the contamination, many will opt to move away from the health and safety hazards associated with and perceived to be associated with toxic chemical contamination." Exhibit 11 to Motion for Partial Summary Judgment at 18, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 72-11; Exhibit 12 to Motion for Partial Summary Judgment at 18, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 72-12; Exhibit 13 to Motion for Partial Summary Judgment at 18, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 72-13. He concluded: "Given the nature of the reported contamination on the Hercules site and on the proximate properties, it is our judgment that demand for homes in this area will decrease and that the sales prices of those homes that do sell will also decrease in the near term." Exhibit 11 [72-11] at 19; Exhibit 12 [72-12] at 19; Exhibit 13 [72-13] at 19.

Therefore, according to Plaintiffs' own testimony and their expert's appraisals, the human health risks of exposure to the alleged contaminants is relevant to the value of Plaintiffs' properties – an issue to be addressed by the jury. Accordingly, the Court denies Plaintiffs' motion to exclude Garabrant's testimony regarding human health risk. However, if either party wants the Court to give a limiting instruction as to evidence of human health risk posed by the alleged contaminants, they are free to request such at trial.

Plaintiffs also argue that Garabrant's testimony regarding "non-detect" lab results should be excluded on the basis that it will not help the jury determine a fact in dispute. Plaintiffs contend that Garabrant does not disagree with their expert regarding the conclusion to be drawn from "non-detect" lab results and, therefore, there is no factual dispute regarding this issue.

Garabrant stated in his report that test results "below the limit of detection (LOD), or below the method detection limit (MDL), indicate that the [contaminant] was not found and that the analytic method was capable of reliably finding the [contaminant] only at concentrations above the LOD or MDL." Exhibit A to Memorandum at 27, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 66-1. He continued: "When [a contaminant] can not be found in a sample . . . no reliable inferences can be made that the [contaminant] was present, or about the concentration at which it was present." *Id.* Accordingly, Garabrant characterized Plaintiff's expert's opinion that "there could be a presence of that compound at a concentration lower than that detection reporting level" as "nothing more than speculation," and opined that he "had no basis for claiming that

4

the chemical was present or for making any claims about the concentration of that chemical in the sample." *Id.*

At the very least, Garabrant disagrees with the conclusions that Plaintiff's expert drew from the "non-detect" lab results. Accordingly, his testimony regarding the same would help the jury to resolve a factual dispute. Plaintiffs' motion is denied.[2]

### III. MOTION TO EXCLUDE TESTIMONY OF DR. GLENN MILLNER [67]

First, Plaintiffs argue that the Court should exclude any testimony from Defendant's expert, Dr. Glenn Millner, regarding the human health risks of exposure to contaminants at various concentrations. Plaintiffs contend that such testimony is irrelevant to the issues to be decided by the jury insofar as they have not asserted a personal injury claim. The Court disagrees for the same reason provided above. Millner's testimony regarding the human health risks of exposure to contaminants at various concentrations is relevant to the value of Plaintiffs' properties and, therefore, Plaintiffs' damages.

Plaintiffs also argue that Millner's opinion regarding remediation of the properties is irrelevant and contrary to Mississippi law. Millner intends to testify that the "concentrations of toxaphene and dioxathion detected in attic dust at the plaintiffs' properties are not a risk to the health of individuals living at these properties," and, therefore, "there is no scientific basis to remediate attic dust at these

---

[2] Plaintiffs represented in briefing that the parties could possibly enter a stipulation regarding the interpretation of "non-detect" lab results. The Court encourages the parties to discuss this issue before trial, but it will not exclude expert testimony on the basis of a stipulation to which the parties have not yet agreed. If the parties agree to a stipulation, Plaintiffs may reassert any objection they have to Garabrant's testimony.

5

properties." Exhibit A to Memorandum at 6, *Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP (S.D. Miss. Sept. 29, 2016), ECF No. 68-1. Plaintiffs contend that they are entitled to remediation even in the absence of demonstrable harm to their property.

As Plaintiffs' counsel is aware, the Court has previously addressed this issue. In *Phillips*, the Mississippi Supreme Court affirmed a lower court's finding that "there were sub-lethal levels of PCP produced into Phillips' lake and that the proof was not sufficient to require a restoration of the lake and its previous unpolluted state." *Phillips v. Davis Timber Co.*, 468 So. 2d 72, 79 (Miss. 1985). However, the plaintiff was "entitled to an injunction enjoining and prohibiting further PCP pollution into his lake . . . ." *Id.* Therefore, Millner's "opinions may be relevant to the Court's consideration of whether the Plaintiffs are entitled to a mandatory permanent injunction, requiring the Defendant to remediate the Plaintiffs' properties." *Blackard v. Hercules, Inc.*, No. 2:12-CV-175-KS-MTP, 2014 U.S. Dist. LEXIS 97110, at *15-*16 (S.D. Miss. July 17, 2014) (citing *Phillips*, 468 So. 2d at 79).

Moreover, Millner's opinion regarding the need for remediation is relevant to the value of the properties and, therefore, Plantiffs' damages. In his appraisal of 138 W. 8th Street, Plaintiffs' expert, Joe Parker, considered the "analytical reports and remediation recommendations for the propert[ies]" in forming his opinion as to the property's current value. Exhibit 11 [72-11] at 38. He stated that an "informed buyer will not buy the property when an equally desirable alternative property exists that does not have the noted environmental problems or require environmental remediation." Exhibit 11 [72-11] at 39.

Therefore, the Court denies Plaintiffs' motion, but if either party wants the Court to give a limiting instruction for testimony regarding remediation, they are free to request such at trial.

IV. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion to Exclude [65] testimony of Dr. David Garabrant and **denies** Plaintiffs' Motion to Exclude [67] testimony of Dr. Glenn Millner.

SO ORDERED AND ADJUDGED this ___3rd___ day of January, 2017.

                                             s/Keith Starrett
                                             UNITED STATES DISTRICT JUDGE